02-13-035-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-13-00035-CV

 

 


 
 
 Ronald
 L. Jones
  
 v.
  
  
 Texas
 Health Harris Methodist Hospital Fort Worth
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From County Court at Law
 No. 1
  
 of
 Tarrant County (2012-005505-1)
  
 February
 28, 2013
  
 Per
 Curiam
 
 


 

 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

PER CURIAM

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-13-00035-CV

 

 


 
 
 Ronald L. Jones
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Texas Health Harris Methodist Hospital Fort Worth
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Ronald
L. Jones is attempting to appeal the trial court’s order dismissing with
prejudice all of his health care liability claims against Texas Health Harris
Methodist Hospital Fort Worth.  On January 30, 2013, we notified Jones of our
concern that we lack jurisdiction over the appeal because the trial court’s
order does not appear to be final or an appealable interlocutory order.  Jones
responded, but his response does not show grounds for continuing the appeal.

The trial
court’s dismissal order does not dispose of Jones’s claims
against Dr. Elliott Ray Trotter, and the trial court has not severed those
claims.  When, as here, there has not been a conventional trial on the merits,
an order or judgment is not final for purposes of appeal
unless it actually disposes of every pending claim and party
or clearly and unequivocally states that it finally disposes of all claims and parties.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001).  We have jurisdiction of
appeals only from final orders or interlocutory orders made appealable by
statute; this appeal is from neither.  See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014 (West Supp. 2012); Ogletree v. Matthews, 262 S.W.3d
316, 319 n.1 (Tex. 2007).

Accordingly,
we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a),
43.2(f).

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  February 28,
2013









[1]See Tex. R. App. P. 47.4.